# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

| | |
|---|---|
| CRANSTON REID, Derivatively on Behalf of FIRST HORIZON NATIONAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> GERALD L. BAKER, ROBERT B. CARTER, SIMON F. COOPER, MARK A. EMKES, J. KENNETH GLASS, FRANK J. GUSMUS, JR., JAMES A. HASLAM, III, D. BRYAN JORDAN, R. BRAD MARTIN,  VICKI R.  PALMER, COLIN V. REED, MICHAEL D. ROSE, WILLIAM B. SANSOM and LUKE YANCY, III, <br><br> Defendants, <br><br> FIRST HORIZON NATIONAL CORPORATION, a Tennessee Corporation, <br><br> Nominal Defendant. | No. 10-2413-STA |

---

### ORDER GRANTING THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

---

Before the Court are the Individual Defendants' Motion to Dismiss (D.E. # 22) and

Defendant First Horizon National Corporation's ("First Horizon") Motion to Dismiss (D.E. #

23), both filed on July 30, 2010.  Plaintiff filed a Consolidated Response in Opposition to both

Motions (D.E. # 53) on September 13, 2010.  The Individual Defendants and Defendant First

1

Horizon have each submitted reply briefs (D.E. # 59, 60).  For the reasons set forth below, the Individual Defendants' Motion is **GRANTED**, and Defendant First Horizon's Motion is **DENIED** as moot.

## BACKGROUND

On June 2, 2010, Plaintiff brought this shareholder derivative action against current and former officers and directors of First Horizon ("the Individual Defendants") for alleged breaches of their fiduciary duties.  Plaintiff alleges that the acts of the Individual Defendants included the use of high-risk and unlawful banking practices at First Horizon, misleading financial reporting, and active concealment of their misconduct.  (Compl. ¶ 2.)  The Verified Shareholder Derivative Complaint ("Complaint") includes claims for intentional breach of fiduciary duty (Count I, Compl. ¶¶ 98-106); aiding and abetting breach of fiduciary duty (Count II, Compl. ¶¶ 107-112); abuse of control (Count III, Compl. ¶¶ 113-116); gross mismanagement (Count IV, Compl. ¶¶ 117-121); and unjust enrichment (Count V, Compl. ¶¶ 122-125).

The Complaint asserts that the Individual Defendants pursued an aggressive growth strategy for First Horizon based on the origination of subprime mortgage loans, second lien mortgages, home equity loans, real estate construction loans to individual consumers, and commercial construction loans to single-family home builders. (Compl. ¶ 46.)  The First Horizon directors implemented this strategy by approving a new credit policy in 2004 known as "Super Expanded Underwriting Guidelines." (*Id*. ¶ 47.)  The new lending policy allowed First Horizon to extend loans to borrowers with lesser credit and resulted in loans that did not conform to

federal standards for sale on the secondary market. (*Id.*)[1]  The Complaint states that the Individual Defendants acknowledged in financial filings and other public statements the risks inherent in First Horizon's new lending practices and yet failed to adopt any measures to control for the new risks. (*Id.* ¶ 49.)

The Complaint includes allegations about a series of lending practices that gave rise to the Individual Defendants' breaches of their fiduciary duties to the corporation.  For example, Plaintiff asserts that loan officers of First Horizon Home Loans, a subsidiary of First Horizon, engaged in the widespread falsification of borrower applications to circumvent FHA and HUD regulations about borrower creditworthiness for federally-insured mortgages. (*Id.* ¶ 54.)  As a result of these practices, First Horizon Home Loans was named as a defendant in federal lawsuits filed in Pennsylvania in 2006 and in Texas in 2010. (*Id.* ¶ 57.)  Plaintiff alleges that five of the Individual Defendants by virtue of their membership on First Horizon's Credit Policy and Executive Committee and the Audit Committee were aware, or should have been aware, of these problems and yet failed to act to protect the parent corporation. (*Id.* ¶ 58.)

In another alleged breach of fiduciary duty, Plaintiff contends that following the adoption of the "Super Expanded Underwriting Guidelines," the Individual Defendants ignored published guidance from federal agencies about risk management for new home mortgage products such as adjustable-rate mortgages, interest-only mortgages, home equity lines of credit, and second-lien mortgages. (*Id.* ¶¶ 60-66.)  Moreover, Defendants failed to disclose First Horizon's increased risks in accordance with Generally Accepted Accounting Principles ("GAAP"). (*Id.* ¶¶ 67-69,

---

[1] Paragraph 47 of the Complaint does not specify which of the loan products previously enumerated in paragraph 46 were non-conforming.

72.)  Specifically, First Horizon's Form 10-K SEC filings for the years 2005 to 2009 continued to report that the likelihood of massive loan losses for First Horizon were "remote" and that any losses would be "minimal and possibly immaterial," reports which Plaintiff alleges were materially misstated and in bad faith. (*Id*. ¶¶ 69, 71, 73.)

Finally, Plaintiff contends that the individual Defendants acquiesced in the violation of federal securities laws by First Horizon subsidiary FTN Financial Securities Corp. ("FTN"). (*Id*. ¶¶ 74-76.)  According to the Complaint, FTN engaged in a series of transactions with other financial institutions which became the subject of a suit filed by the United States Bankruptcy Trustee in *Grede v. Folan, et al.*, No. 1:08-cv-06587 (N.D. Ill.) ("*Grede*"). (*Id*. ¶¶ 77-81.) However, First Horizon did not disclose the *Grede* action in its 2008 Form 10-K or 2009 Form10-Q but instead in its 2009 Form 10-K which it filed on February 26, 2010. (*Id*. ¶¶ 74, 82.) The Complaint further makes reference to Wells notices issued to FTN and First Tennessee Bank, N.A. ("First Tennessee"), another First Horizon subsidiary, as well as Defendant Frank J. Gusmus, Jr. ("Gusmus"), stating that SEC staff wAS recommending enforcement actions against these parties for violations of federal securities laws. (*Id*. ¶¶ 12, 85.)  Plaintiff alleges that the Individual Defendants knew about Gusmus's activities on February 26, 2010, and yet awarded Gusmus with 52,185 restricted shares of First Horizon stock on an unspecified date. (*Id*. ¶ 76.)

Defendant First Horizon and the Individual Defendants have filed separate Motions to Dismiss Plaintiff's Complaint and incorporated by reference the memoranda filed in support of both Motions.  Defendants present essentially two arguments.  First, Defendants have argued that Plaintiff's claims are now time-barred by Tennessee's one-year statute of limitations for breach of fiduciary claims under Tenn. Code Ann. § 48-18-601.  Second, Plaintiff has waived any

4

argument that a presuit demand on the First Horizon board of directors would have been futile. Additionally, Plaintiff has failed to plead with particularity that demand would be futile.  Under either theory, all Defendants ask the Court to dismiss Plaintiff's claims.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled factual allegations of the complaint as true, construe those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the plaintiff.[2]  However, legal conclusions "masquerading as factual allegations" or unwarranted factual inferences including "conclusory allegations" need not be accepted as true.[3]  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[4]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5]  Although this standard does not require "detailed factual allegations," it does require more than "labels and

---

[2] *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2007).

[3] *Id.*

[4] *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

[5] Fed. R. Civ. P. 8(a)(2).

conclusions" or "a formulaic recitation of the elements of a cause of action."[6]  In order to survive

a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise

a right to relief above the speculative level" and to "state a claim to relief that is plausible on its

face."[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]


## ANALYSIS

### I.     The Parties' Exhibits Offered in the Individual Defendants' Motion to Dismiss

#### A.     *Plaintiff's Motion to Strike*

Plaintiff has filed a Motion to Strike (D.E. # 52) certain exhibits filed in support of the

Individual Defendants' Motion to Dismiss.[9]  Plaintiff argues that the Court should strike the

exhibits because it would be improper to consider them in ruling on the Motions to Dismiss.

According to Plaintiff, none of the exhibits are referenced in the Complaint or integral to the

Complaint.  Therefore, the Court should strike them from the record.

As Defendants correctly note, Federal Rule of Civil Procedure 12(f) governs motions to

strike and states, "The court may strike from a pleading an insufficient defense or any redundant,

---

[6] *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  *See also Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009).

[7] *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[8] *Iqbal,* 129 S.Ct. at 1949.

[9] Plaintiff's Motion to Strike is not addressed to the single exhibit attached to Defendant First Horizon's Motion to Dismiss.  Furthermore, the Court finds that consideration of that exhibit is not necessary to its ruling on the Motions to Dismiss.

immaterial, impertinent, or scandalous matter."[10]  Elsewhere the Federal Rules define

"pleadings" as one of the following: a complaint, an answer to a complaint, an answer to a

counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an

answer to a third-party complaint, and a reply to an answer.[11]  Motions are not among the papers

defined in the Federal Rules as "pleadings."  The Court concludes that Rule 12(f) does not apply

to exhibits attached to motions such as Defendants' Motions to Dismiss.  Therefore, Plaintiff's

Motion to Strike is **DENIED**.


**B.      *The Parties' Requests for Judicial Notice of Certain Exhibits***

The fact remains that the Individual Defendants have attached to their Motion twenty

exhibits, of which Plaintiff has contested eighteen as improper for consideration on a Rule

12(b)(6) motion.  Nevertheless, on the same day Plaintiff filed his Motion to Strike, Plaintiff filed

additional exhibits of his own in opposition to the Motions to Dismiss and requested that the

Court take judicial notice of those exhibits.[12]  Plaintiff subsequently filed a second set of exhibits

and request for judicial notice,[13] in response to which all Defendants have now filed a Motion to

Exclude from Consideration the second set of documents.[14]

---

[10] Fed. R. Civ. P. 12(f).

[11] Fed. R. Civ. P. 7(a).

[12] D.E. # 54, Sept. 13, 2010.

[13] D.E. # 64, Feb. 4, 2011.

[14] D.E. # 65, Feb. 18, 2011.

Federal Rule of Civil Procedure 12(d) provides, "If, on a motion under rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[15]  The Court retains the discretion to consider or exclude such extrinsic evidence presented with a Rule 12(b)(6) to dismiss.[16]  Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."  Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint documents upon which his action is based.[17]  Public records, including filings in other courts of record, and other documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claims.[18]  Furthermore, a court may generally take judicial notice at the pleadings stage of court filings and other publicly filed disclosure documents.[19]

As a general matter, the Court finds that consideration of all of the contested exhibits is not necessary to resolve the Motion to Dismiss.  With respect to the exhibits provided by

---

[15] Fed. R. Civ. P. 12(d); *see also Jones v. City of Cincinnati*, 521 F.3d 555, 561-62 (6th Cir. 2008).

[16] *Jones*, 521 F. 3d at 561.  *See also Pueschel v. United States*, 369 F.3d 345, 353 n.3, (4th Cir. 2004); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003).

[17] *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762 (2d ed. 1990)).

[18] *Bassett v. NCAA,* 528 F.3d 426, 430 (6th Cir. 2008) (citations omitted).

[19] *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360 (6th Cir. 2001) (noting that a court may consider "the full text of the SEC filings, prospectus, analysts' reports and statements 'integral to the complaint,' even if not attached, without converting the motion into one for summary judgment under Fed.R.Civ.P. 56."); *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[I]t is well-settled that [f]ederal courts may take judicial notice of proceedings in other courts of record.") (citation omitted).

Defendants, the Court finds that the exhibits are largely submitted in support of Defendants'

argument that Plaintiff's claims are untimely.  Defendants maintain that Plaintiff should have

reasonably discovered his cause of action more than one year prior to filing his case.  For

example, Defendants have presented media reports covering some of the same events alleged in

the Complaint years before Plaintiff brought suit.  Defendants argue that these reports, or "storm

warnings," should have placed a reasonable person on inquiry notice of the facts to support

Plaintiff's claims.  Defendants contend that as a result Plaintiff's claims accrued and the statute

of limitations ran long before June 2, 2009.  For reasons more fully developed below, the Court

declines to reach the issue of when Plaintiff's claims actually accrued.  Therefore, the Court finds

that consideration of all of Defendants' exhibits is largely unnecessary.

　　　　For the same reasons, the Court need not determine whether all of Plaintiff's requests for

judicial notice of exhibits should be granted.  Plaintiff has submitted thirteen exhibits either as

additional support for his pleadings or in opposition to Defendants' Motions to Dismiss.  Just as

with the record filed by Defendants, Plaintiff admits that many of his exhibits bear directly on the

statute of limitations issue.  Now Defendants have filed a Motion to Exclude from Consideration

the documents filed with Plaintiff's second request for judicial notice.[20]  Because the actual

accrual date is not part of the Court's holding on Defendants' Motions to Dismiss, the Court will

not consider all of Plaintiff's exhibits or address all of Plaintiff's requests for judicial notice or

Defendants' Motion to Exclude from Consideration.  Therefore, Defendants' Motion to Exclude

from Consideration is **DENIED** as moot.

---

[20] Defendants have filed a Motion for Leave to File a Reply Brief (D.E. # 67) in support
of their Motion to Exclude.  That Motion is also **DENIED** as moot.

## II.     Statute of Limitations

Defendants argue that Plaintiff's derivative claims are now time-barred under

Tennessee's one-year statute of limitations for claims of breach of fiduciary duty.[21]  Defendants

contend that all of Plaintiff's claims accrued more than one year prior to the date on which

Plaintiff commenced his suit.  Because Plaintiff filed his Complaint on June 2, 2010, only claims

accruing on or after June 2, 2009 are timely.  Noting that the Tennessee Business Corporations

Act has codified the discovery rule, Defendants contend that Plaintiff should have discovered the

alleged breaches of fiduciary duty before June 2009 because Plaintiff had inquiry notice of the

facts giving rise to his claims.  As a result, Plaintiff is precluded from invoking the discovery rule

now to toll the statute of limitations and save any of this claims.

As previously discussed, Defendants have produced a number of exhibits to demonstrate

that Plaintiff should have discovered the underlying facts of his claims more than one year prior

to filing suit.  First, Defendants argue that all of Plaintiff's allegations were pled in other federal

---

[21] *See* Tenn. Code Ann. § 48-18-601.  The Individual Defendants' brief states that some of Plaintiff's causes of action, such as gross mismanagement and abuse of control, are not recognized under Tennessee law.  Consequently, Defendants suggest that the Court apply the same one-year statute of limitations for breaches of fiduciary duty to all of Plaintiff's claims. Indiv. Defs.' Mem. Supp. Mot. Dismiss, 9.  While disputing that any of his claims are not available under Tennessee law, Plaintiff concedes that the one-year statute of limitation provided in Tenn. Code. Ann. § 48-18-601 applies to all of his claims.  Pl.'s Mem. Opp'n Mot. Dismiss, 29.  For purposes of this Motion, the Court will assume that the provisions of § 48-18-601 govern all of Plaintiff's claims without deciding whether all of the claims are available under Tennessee law.  *But see Resolution Trust Corp. v. Wood*, 870 F. Supp. 797, 806 (W.D. Tenn. 1994) ("The statute [§ 48-18-601] applies expressly to breaches of fiduciary duty. . . .  Hence, for the Court to include other causes of action which were not addressed by the state legislature, the Court would be operating in a legislative posture as opposed to its judicial role.").

lawsuits and disclosed in First Horizon public filings before June 2009.  Defendants state that in

deciding the Motion to Dismiss, the Court may consider the pleadings and papers filed in those

cases because Plaintiff has referred to them in his Complaint.  Second, Defendants posit that

many of Plaintiff's allegations were reported in the media and that the Court can take judicial

notice of the fact that these reports were made before June 2009.  To the extent that Plaintiff has

referred to documents available before June 2009 in his Complaint, the Court should hold as a

matter of law that any claims based on those allegations are time-barred.  Furthermore, the

availability of these documents in the public domain should have placed a reasonable person on

notice of Plaintiff's claims before June 2009.  Defendants then proceed to demonstrate that each

of Plaintiff's allegations were publicly reported or otherwise available at times more than one-

year prior to the filing of Plaintiff's Complaint.  Therefore, the Court should dismiss Plaintiff's

claims for breach of fiduciary duty as time-barred.

        In opposition to the Individual Defendants' Motion to Dismiss, Plaintiff responds that his

claims are timely under § 48-18-601.  Plaintiff argues that his claims did not accrue until the acts

of the Defendants resulted in provable damages to First Horizon.  More specifically, Plaintiff

asserts that he could not have pleaded or proven damages until late 2009 when this Court denied

a motion to dismiss an ERISA action, *Sims et al. v. First Horizon National Corporation*, no. 08-

2293 ("*Sims*"), brought by First Horizon employees against many of the same directors and

officers named as defendants in the case at bar.  According to Plaintiff, "[t]his Court's ruling in

[*Sims*] confirmed the existence of plausible allegations against defendants and revealed for the

first time First Horizon's massive exposure to liability." Pl.'s Resp. Opp'n, 27. Only at that point could Plaintiff plead all of the elements, including damages, of his claims.[22]

Plaintiff contends that he could not have reasonably discovered the acts of the Individual Defendants until this Court's ruling in *Sims* in late 2009. Plaintiff states that the Tennessee cases applying the discovery rule and cited in support by Defendants typically involve physical injury to a plaintiff. According to Plaintiff, these cases are distinguishable because unlike a typical tort victim, Plaintiff has brought suit derivatively on behalf of a corporation. Furthermore, Plaintiff argues that the Supreme Court in *Merck* rejected the concept of inquiry notice triggering a statute of limitations where the statute in question does not refer to inquiry notice. Instead the Supreme Court affirmed the discovery rule. Plaintiff asserts that the *Merck* holding should apply to § 48-18-601. Even if inquiry notice is the correct standard in this case, Plaintiff repeats his contention that he was not placed on inquiry notice until the Court denied a motion to dismiss the claims in *Sims*. Plaintiff questions whether media publications are sufficient to place a plaintiff on inquiry notice.

In the alternative, Plaintiff argues that the Individual Defendants fraudulently concealed their breaches of duty from First Horizon shareholders. For example, Plaintiff claims that the Individual Defendants concealed material facts about a loan officer's guilty plea to federal

---

[22] Plaintiff goes on to argue that only in 2010 did the "systemic nature" of First Horizon's unlawful practices become apparent. For example, in January 2010, First Tennessee received a subpoena from the Office of the Inspector General of HUD, concerning an investigation into the high rate of defaults on federally-guaranteed loans originated by First Tennessee. Plaintiff adds that the Individual Defendants concealed the news of the subpoena from later SEC filings and First Horizon press releases. Plaintiff asserts that the extent of First Horizon losses from repurchases of federally-guaranteed loans was still developing in June 2009 and that First Horizon has recognized over $700 million in loan losses just since the second quarter of 2009 (2Q09).

12

charges that he conspired to defraud HUD.  Plaintiff alleges that Defendants concealed a confidential settlement in 2006 over allegations that First Tennessee had falsified borrowers' loan documents and a whistleblower claim in 2008 that First Horizon concealed mortgage and banking fraud.  Therefore, under either theory, the Court should deny Defendants' Motion on the grounds of statute of limitations.

In their reply brief, the Individual Defendants restate their position that Plaintiff's claims are time-barred.  Defendants review the numerous media reports going back to 2005 detailing some of the same factual allegations made in Plaintiff's Complaint, demonstrating that Plaintiff should have discovered the facts prior to June 2009.  Defendants also produce evidence of increased First Horizon losses beginning in 2007 and the steep decline in First Horizon stock prices in 2008 as "storm warnings" that should have put Plaintiff on inquiry notice before June 2009.  Defendants next contend that *Merck* has no application to Tennessee's statute of limitation at § 48-18-601.  *Merck* dealt with a federal statute of limitations provided in a federal securities statute and never reached the issue of statute of limitations for other causes of action governed by state law.  Additionally, the federal securities law at issue in *Merck* had a scienter requirement, which is not an element of Plaintiff's breach of fiduciary duty claims here.

The Individual Defendants attack Plaintiff's argument that he could not have discovered the facts of his claim until the Court's ruling in *Sims* issued in late 2009.  Defendants argue that Plaintiff need only have knowledge of the existence of damages, not the full extent of damages, before his claims accrued.  As for Plaintiff's allegation of fraudulent concealment, Defendants maintain that they could not have fraudulently concealed any of the facts alleged in Plaintiff's

Complaint in so far as nearly all of the facts were public information from the *Sims* or *Frede* suits or in media reports. Therefore, the Court should grant Defendants' Motion to Dismiss.

The Court holds that Plaintiff has failed to plead timely claims against the Individual Defendants, and so those claims are time-barred as a matter of law. As an initial matter, the Court has jurisdiction in this case by virtue of the parties' diversity of citizenship. Under the *Erie* doctrine, in cases where a federal court exercises jurisdiction by virtue of the diversity of the parties, the federal court is bound to apply the substantive law of the forum state as if the action had been brought in a state court of the jurisdiction where the federal court is located.[23] It is undisputed that Tennessee law applies to Plaintiff's claims in the case at bar. The Court must apply the law as it has been determined by the Supreme Court of Tennessee.[24] When the highest court of the forum has not answered a particular question of law, the Court must discern or predict how the Tennessee courts would respond if confronted with the question.[25] The Court must ascertain from all available data what the law is and apply it.[26] In the absence of any indication that the Tennessee Supreme Court would adopt a rule contrary to the rule announced in an intermediate appellate court, a federal court is not free to ignore the announcement of a

---

[23] *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007).

[24] *Gahafer v. Ford Motor Co.,* 328 F.3d 859, 861 (6th Cir. 2003).

[25] *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy*, 740 F.2d 1362, 1365 (6th Cir. 1984); *Clutter v. Johns-Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir. 1981).

[26] *Bailey v. V & O Press Co., Inc.*, 770 F.2d 601 (6th Cir. 1985).

state appellate court on matters of state law.[27]  Therefore, Tennessee law governs the Court's

analysis on the statute of limitations issue.

Under Tennessee law, the issue of whether a claim is barred by the statute of limitations

presents a question of law.[28]  The parties agree that the Tennessee Business Corporations Act,

Tenn. Code Ann. § 48-18-601, provides the statute of limitation relevant to all of Plaintiff's

claims.[29]  That section states

> Any action alleging breach of fiduciary duties by directors or officers, including alleged violations of the standards established in § 48-18-301, § 48-18-302 or § 48-18-403, must be brought within one (1) year from the date of such breach or violation; provided, that in the event the alleged breach or violation is not discovered nor reasonably should have been discovered within the one-year period, the period of limitation shall be one (1) year from the date such was discovered or reasonably should have been discovered.  In no event shall any such action be brought more than three (3) years after the date on which the breach or violation occurred, except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after the alleged breach or violation is, or should have been, discovered.[30]

Based on the one-year statute of limitation found in § 48-18-601, the Court holds, and the parties

seem to concur, that only claims accruing on or after June 2, 2009 are now timely.[31]

---

[27] *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).

[28] *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007).

[29] *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 793 (Tenn. 1996) ("The gravamen of a complaint and the injury alleged determine which statute of limitations applies.") (citation omitted).

[30] Tenn. Code Ann. § 48-18-601.

[31] Neither party has raised the three-year statute of repose found in § 48-18-601. Therefore, the Court will confine its timeliness inquiry to the one-year statute of limitations.

The Court finds that it is clear from the face of the Complaint that all of the alleged breaches of fiduciary duty occurred and resulted in damages to the corporation more than one year prior to the filing of Plaintiff's suit.  For example, the Complaint alleges that the Individual Defendants adopted a new policy known as "Super Expanded Underwriting Guidelines" in 2004. From that time on, First Horizon engaged in an increasingly riskier practice of originating home mortgage loans that did not conform to federal standards for sale on the secondary market.  At the same time, the Individual Defendants failed to heed the advice of federal regulatory agencies about increased lending risk, did not follow recognized GAAP to properly report the risks to shareholders, and otherwise failed to take any measures to protect the corporation from its increased exposure to losses.  The Complaint alleges that by 2006 the Individual Defendants' failure to correct fraudulent practices common within its subsidiaries led to federal lawsuits over the falsification of loan documents.  By 2008, the Individual Defendants' acquiescence in the violation of federal securities laws by another subsidiary resulted in the *Grede* suit.  Plaintiff alleges that all of these acts, or failures to act, and others on the part of the Individual Defendants caused hundreds of millions of dollars in losses to First Horizon.

"When it is apparent on the face of the complaint that the statute of limitations has run, the defense of statute of limitations may be raised by a motion to dismiss."[32]  Moreover, the Sixth

---

[32] *Jenkins v. Carruth,* 583 F. Supp. 613, 615 (E.D. Tenn. 1982) (citing *Berry v. Chrysler Corp.*, 150 F.2d 1002, 1003 (6th Cir. 1945)).  *See also Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 404 (Tenn. 2002); *Anthony v. Tidwell*, 560 S.W.2d 908, 909 (Tenn. 1977) ("A complaint is subject to dismissal under rule 12.02(6) for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of the complaint."); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1308 (3d ed. 2010) ("[T]he defense of the statute [of limitations] may be raised on a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the complaint that the time period for bringing the claim for relief has passed").

Circuit has held that a plaintiff has an "obligation" to plead facts in avoidance of the statute of limitations when "the face of the complaint discloses a failure to file within the time allowed."[33] In other words, where a complaint "affirmatively indicates that the time limit for bringing the claim has passed," the plaintiff cannot "escape the statute by saying nothing."[34]  Nor is "a bare assertion of delayed discovery sufficient" to toll the running of the statute.[35]  In recognition of this apparent timeliness problem, Plaintiff has pled two separate theories to avoid the statute of limitations: (1) his late discovery of the alleged breaches and (2) the Individual Defendants' fraudulent concealment of their alleged breaches.  The Court will consider each of these arguments in turn.

## A.     The Discovery Rule

Plaintiff does not contest that the Defendants' alleged breaches of duty and the ensuing injuries to the corporation actually occurred outside of the limitations period.  Rather Plaintiff argues that he did not discover and could not have reasonably discovered the alleged breaches prior to late 2009.  Therefore, Plaintiff's contention is that his claims did not actually accrue until that time, well within the one year before he filed his Complaint.

Another member of this Court has concluded that § 48-18-601 "establishes the date of the breach or violation, or the reasonable date of discovery of the breach or violation, as the date the

---

[33] *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516 (6th Cir. 2008) ("It is not enough for plaintiffs to argue that the complaint, because it is silent as to when they first acquired actual knowledge must be . . . construed as not precluding the possibility that they will be able to prove facts establishing their entitlement to relief.").

[34] *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992).

[35] *Id*. at 744.

statute of limitation accrues."[36]  Thus, the statute of limitation found at § 48-18-601 codifies

Tennessee's discovery rule, which essentially provides that a cause of action accrues and the

statute of limitations begins to run when the injury occurs or in the alternative when a plaintiff

discovers, or when in the exercise of reasonable care and diligence, should have discovered the

injury.[37]  However, Tennessee applies the discovery rule only in cases where a plaintiff does not

discover and reasonably could not be expected to discover that he had a cause of action.[38]  The

statute is tolled only during the period when the plaintiff had no knowledge at all that the wrong

had occurred and, as a reasonable person, was not put on inquiry.[39]  The Tennessee Supreme

Court has explained that the discovery rule serves both equitable and practical justifications.  As

a matter of fairness, the rule exists so that plaintiffs need not file suit "at a time when injury is

unknown and unknowable."[40]  As a matter of reason and logic, the rule embodies the common

sense notion that a cause of action in tort does not exist until a judicial remedy is available to the

plaintiff.[41]

---

[36] *Resolution Trust Corp. v. Wood*, 870 F. Supp. 797, 808 (W.D. Tenn. 1994) (Horton, J.).

[37] *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn. 1990) (citations omitted).  *See also Schultz v. Davis*, 495 F.3d 289 (6th Cir. 2008) (citing *Potts* and applying Tennessee's discovery rule).

[38] *Potts*, 796 S.W.2d at 680.

[39] *Id*. at 680-81 (citing *Hoffman v. Hosp. Affiliates*, 652 S.W.2d 341, 344 (Tenn. 1983)).

[40] *Potts*, 796 S.W.2d at 681 (citing *McCroskey v. Bryant Air Conditioning Co.,* 524 S.W.2d 487, 489 (Tenn. 1975)).

[41] *Potts*, 796 S.W.2d at 681.  The Tennessee Supreme Court explained that a judicial remedy comes into existence when (1) a breach of some legally recognized duty owed by the defendant to the plaintiff and (2) some legally cognizable damage caused to the plaintiff by the breach of duty. *Id*. (citing *Foster v. Harris,* 633 S.W.2d 304, 305 (Tenn.1982)).

The parties largely argue over when Plaintiff's claims accrued, more specifically, when Plaintiff reasonably should have known about the alleged breaches of duty. To that end, both parties have cited numerous documents outside of the pleadings and asked the Court to determine whether Plaintiff was on inquiry notice of the facts more than one year prior to filing suit. Generally, the time at which a claim accrues is a question of fact; however, if the evidence is undisputed and can lead to only one conclusion, accrual is a question of law for the Court to determine.[42] Under the circumstances, the Court declines to reach the issue of when Plaintiff's claims actually accrued. Accordingly, consideration of the extensive record filed by both parties is not necessary. Instead the Court holds that as a matter of law, Plaintiff has failed to plead facts to support his late discovery and avoid the one-year statute of limitations in this case. Plaintiff has alleged that he did not discover his claims against the Individual Defendants until this Court denied a motion to dismiss breach of fiduciary duty claims against some of the same First Horizon directors and officers in the *Sims* matter. In his brief, Plaintiff emphasizes that the Court's ruling revealed for the first time that he had a "colorable" cause of action against the Individual Defendants. In a related theory, Plaintiff contends that the full extent of the injuries caused by the alleged breaches of duty were only fully known after the *Sims* order and other subsequent acts occurred.

Plaintiff's argument that his cause of action did not accrue until the *Sims* ruling finds no support under Tennessee law. An important corollary to the discovery rule is that a plaintiff cannot wait until all the injurious effects or consequences of an actionable wrong are known

---

[42] *Osborne Enter., Inc. v. City of Chattanooga*, 561 S.W.2d 160, 165 (Tenn. Ct. App. 1977) (citing 54 C.J.S. *Limitations of Actions* § 399b).

before filing suit.[43]  Under traditional tort principles, a cause of action accrues even where "the full extent of the injury is not then known or predictable."[44]  In so far as Plaintiff alleges that he could not have filed suit until he knew the full extent of damages to the corporation, Plaintiff's pleadings (and citations to First Horizon statements of losses issued subsequent to his filing suit) fail to allege facts to avoid the one-year statute of limitations.  While it is true that provable damages is a factor in the accrual of a legal claim, there is no authority for Plaintiff's proposition that the damages must be fully known before an injured party may file suit much less be on notice of a legal claim.  On the contrary, "[t]he discovery rule was not meant to allow a party to delay filing his claim until after he has completed the process of discovering all the factors that affect its merits."[45]  Plaintiff's allegation that he could not have reasonably discovered his legal claims against the Individual Defendants until he knew about the extent of the corporation's losses does not plausibly trigger the discovery rule and therefore cannot preserve Plaintiff's facially untimely claims.

Plaintiff's argument that he could not have reasonably discovered his claims until the Court ruled on the breach of fiduciary duty claims in *Sims* fails for similar reasons.  As a threshold matter, the legal issues in *Sims*, particularly the holding that the *Moench* presumption of reasonableness in favor of ERISA fiduciaries did not apply at the pleadings stage, dictated the Court's ruling on the motion to dismiss in that case and are clearly distinguishable from the

---

[43] *Potts*, 796 S.W.2d at 681 (citations omitted).

[44] *Wallace v. Kato*, 549 U.S. 384, 391, 127 S.Ct. 1091, 1097 (2007) (citation omitted).

[45] *Burk v. RHA/Sullivan, Inc.,* 220 S.W.3d 896, 902 (Tenn. Ct. App. 2006).

issues presented here.[46]  Otherwise nothing in the Court's *Sims* order could be construed to "have

for the first time revealed the extent and severity of defendants' [alleged] misconduct."[47]  More

fundamentally, it is well-settled that a plaintiff discovers his claim when he has knowledge of the

facts constituting the injury, not when he learns that he has a legal remedy for the injury.[48]  The

Tennessee Supreme Court has explained

> It is not required that the plaintiff actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a "right of action"; the plaintiff, is deemed to have discovered the right of action if he is *aware of facts* sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct.[49]

In this case, Plaintiff's allegation that he could not have reasonably discovered his causes of

action until the *Sims* decision runs contrary to these principles of Tennessee law where a

plaintiff's knowledge of the facts, not a court ruling or even cognizance of a legal remedy,

triggers the discovery rule.  Therefore, the Court holds that Plaintiff's allegations about the *Sims*

ruling fail to plead that Plaintiff's facially untimely claims are saved by Tennessee's discovery

rule.

Having considered Plaintiff's allegations that the discovery rule would apply to make his

Complaint timely, the Court holds that Plaintiff has failed to plead that he reasonably discovered

---

[46] The Court held that the *Sims* plaintiffs had plausibly alleged a claim for breach of fiduciary duty against the named defendants pursuant to ERISA. *Sims v. First Horizon Nat'l Corp.*, No. 08-2293, 2009 WL 3241689 (W.D. Tenn. Sept. 30, 2009).

[47] Compl. ¶ 4.

[48] *Potts*, 796 S.W.2d at 681.

[49] *Sherrill v. Souder*, 325 S.W.3d 584, 593 (Tenn. 2010) (emphasis added).  *See also Lynch v. S.C. Johnson & Son, Inc.*, 149 F.3d 1183 (6th Cir. 1998).

his cause of action less than one year before he filed suit.  Therefore, Plaintiff's Complaint should be dismissed as time-barred.

**B.      Fraudulent Concealment**

Plaintiff has alleged a second theory to toll the one-year statute of limitations provided in § 48-18-601.  The Complaint states that the Individual Defendants fraudulently concealed their conduct by issuing "false and misleading financial reports from at least 2005," particularly by failing to disclose criminal and civil litigation implicating First Horizon lending practices.[50] Plaintiff pleads that the Individual Defendants also concealed their actions "until late 2009 and early 2010 when it became known that a colorable breach of fiduciary duty claim had been brought by employees against the Board," an apparent reference to *Sims*.[51]  Although Plaintiff does not allege that Defendants concealed these documents, the Complaint refers to a January 2010 FHA subpoena concerning possible falsification of loan documents and a March 2010 Wells notice concerning securities law violations.

Section 48-18-601 tolls the statute of limitations for breach of fiduciary duty claims for one year after the alleged breach is, or should have been, discovered if the defendants engaged in fraudulent concealment.[52]  Under Tennessee law, a complaint must set forth specific facts showing the existence of the elements of fraudulent concealment.[53]

---

[50] Compl. ¶ 84.

[51] *Id*. ¶ 85.

[52] Tenn. Code Ann. § 48-18-601.

[53] *Wood*, 870 F. Supp. at 811.

22

> In order to avoid the statute of limitations on the basis of fraudulent concealment, however, plaintiff must affirmatively plead the following elements with particularity: (1) wrongful concealment by defendant of its actions; (2) failure by plaintiff to discover the facts giving rise to the cause of action within the limitations; and, (3) due diligence by plaintiff until such facts were discovered.[54]

This Court has previously construed § 48-18-601 and dismissed a complaint for failure to plead all of the elements of fraudulent concealment with particularity.[55]  In *Resolution Trust Corp. v. Wood*, the Court noted that the plaintiff's due diligence, was "arguably the most important factor" and concluded that "[t]hose plaintiffs who delay unreasonably in investigating circumstances that should put them on notice will be foreclosed from filing, once the statute has run."[56]  On that basis, the Court dismissed the plaintiff's breach of fiduciary duty claims.

Likewise, the Court holds that Plaintiff in the case at bar has failed to allege with any particularity his reasonable diligence to discover the facts allegedly concealed by Defendants. Here Plaintiff has pleaded Defendants' wrongful concealment (at least initially) as to many of these acts and Plaintiff's own failure to discover the acts within the limitations period, thus satisfying the first two pleading elements.  As for the third and "most important factor," Plaintiff has not alleged any specific facts to plead his reasonable diligence in seeking out the information the Defendants failed to disclose to shareholders.  As Plaintiff's own allegations admit, all of the supposedly concealed facts were matters of public record well before June 2, 2009, or one year

---

[54] *Id*. at 812 (citing *Montcastle v. American Health Sys., Inc.*, 702 F. Supp. 1369, 1373 (E.D. Tenn. 1988).  *See also Soldano v. Owens-Corning Fiberglass Corp.*, 696 S.W.2d 887, 889 (Tenn. 1985).

[55] *Id*. at 811-12.

[56] *Id*. at 812 ("A plaintiff who seeks to avoid the statute of limitations 'owes the courts, the public, and his adversaries a duty of diligence in discovering and filing his lawsuit.'").

prior to his filing suit.[57]  For example, Plaintiff impossibly alleges that the Individual Defendants

had concealed the facts underlying the *Sims* matter until September 30, 2009, when the Court

denied a motion to dismiss even though the Complaint in *Sims* was filed on May 9, 2008.[58]

Elsewhere the Complaint mentions the Wells notices First Horizon subsidiaries and Defendant

Gusmus received in March 2010.  In the same paragraph, however, the Complaint acknowledges

that "the Wells notices concern the Sentinel. . . bankruptcy matter, pending in. . . *Grede*," a

lawsuit filed in 2008 alleging that "First Horizon employees engaged in a pattern and practice of

bribing a Sentinel money manager and arranging a year-end repurchase transaction to deceive

Sentinel investors."[59]  Just as with the *Sims* allegations, Plaintiff has failed to allege how the

Defendants concealed the *Grede* allegations when the suit was a matter of public record from

November 2008.[60]  In another instance, the Complaint states that the Individual Defendants

concealed facts about corporate subsidiary First Horizon Home Loans engaging in the

falsification of loan documents, a fraud which only came to light after an FHA subpoena in

---

[57] *Anthony*, 560 S.W.2d at 909 ("It is not necessary for the defendant to submit evidence in support of his motion when the facts on which he relies to defeat plaintiff's claim are admitted by the plaintiff in his complaint.") (citing *White v. Padgett*, 475 F.2d 79 (5th Cir. 1973); *Berry v. Chrysler Corp.*, 150 F.2d 1002 (6th Cir. 1945); and 5 Wright and Miller, *Federal Practice and Procedure* § 1357 at 605 *et seq.*).  Accordingly, the Court need not consider all of the exhibits attached to the briefs on Defendants' Motions to Dismiss.

[58] Although the date on which the *Sims* case was filed is not alleged in the Complaint, the Court takes judicial notice of this fact pursuant to Fed. R. Evid. 201.

[59] Compl. ¶¶ 12, n.2, 77.

[60] *Id*. ¶¶ 12, 81-83.  Although First Horizon publicly disclosed the *Grede* litigation in February 2010, the Complaint alleges that Defendants failed "to disclose the matter in First Horizon's 2008 Form 10-K and 2009 Forms (sic) 10-Q."  *Id*. at 82.  The Complaint does not allege when the forms were filed or what First Horizon was required by law to disclose in those forms.

January 2010.[61]  And yet Plaintiff alleges that the same practices were the subject of federal civil suits filed as far back as 2006 in Pennsylvania federal court.[62]  Finally, the Complaint alleges that the Individual Defendants concealed the corporations's exposure to loan losses and abusive lending practices by failing to observe GAAP and misstating among other things the likelihood of "massive losses" in its loan portfolio.[63]  At the same time, the Complaint admits that First Horizon was compelled to accept over $866 million in bailout funds from the federal government in November 2008.[64]  Taking all of the allegations of the Complaint as a whole, the Court concludes that Plaintiff has failed to plead his own due diligence in discovering publicly available facts mentioned in his own Complaint that Defendants had allegedly concealed by fraud until late 2009 and early 2010.

Having considered Plaintiff's allegations that the Individual Defendants fraudulently concealed their actions to prevent Plaintiff from discovering them in the limitations period, the Court holds that Plaintiff has failed to allege facts to show that he was reasonably diligent in attempting to discover his cause of action.

## III.    Demand Futility

Defendant First Horizon has argued that Plaintiff's Complaint should be dismissed for failure to plead the futility of first making a demand on the directors prior to bringing his

---

[61] *Id*. ¶¶ 5, 59.

[62] *Id*. ¶ 57.

[63] *Id*. ¶¶ 67-73.

[64] *Id*. ¶ 11.

derivative action.  The parties have thoroughly briefed this issue.  Because the Court holds that Plaintiff's breach of fiduciary duty claims are time-barred as a matter of law, the Court declines to consider First Horizon's alternative argument and finds First Horizon's Motion to Dismiss to be moot.  Therefore, the Motion is **DENIED**.

## CONCLUSION

The Court holds that Plaintiff's claims for breach of fiduciary duty against the Individual Defendants are time-barred as a matter of law.  Therefore, the Individual Defendants' Motion to Dismiss Plaintiff's Verified Shareholder Derivative Complaint is **GRANTED**.  Defendant First Horizon's Motion to Dismiss is **DENIED** as moot.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 16, 2011.